LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JAVIER ESCAMILLA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

UNCLE PAUL'S PIZZA & CAFE INC.
    d/b/a UNCLE PAUL'S PIZZA,
DNP RESTAURANT PARTNERS INC.
    d/b/a PAUL'S ON TIMES SQUARE,
PASKO PAUL NICAJ
and ABIDIN DINO REDZIC,

    Defendants.

Case No.: 16 CV 6305

CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

---

Plaintiff, JAVIER ESCAMILLA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, UNCLE PAUL'S PIZZA & CAFE INC. d/b/a UNCLE PAUL'S PIZZA, DNP RESTAURANT PARTNERS INC. d/b/a PAUL'S ON TIMES SQUARE ("Corporate Defendants"), PASKO PAUL NICAJ and ABIDIN DINO REDZIC (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.  Plaintiff JAVIER ESCAMILLA is a resident of Bronx County, New York.

6.  Defendants operate an enterprise comprised of two restaurants with names and addresses as follows:

    (a) Uncle Paul's Pizza – 70 Vanderbilt Avenue, New York, NY 10017; and

    (b) Paul's on Times Square – 136 W 42nd Street, New York, NY 10036 (collectively, "Paul's Restaurants").

Defendants operate Paul's Restaurants as a single integrated enterprise. Specifically, Paul's Restaurants are engaged in related activities, share common ownership and have a

common business purpose. Paul's Restaurants are commonly owned by the Individual Defendants PASKO PAUL NICAJ and ABIDIN DINO REDZIC. Employees are interchangeable among Paul's Restaurants as needed. Defendants implement the same employment policies and practices among Paul's Restaurants.

7. Corporate Defendants:

(a) Corporate Defendant UNCLE PAUL'S PIZZA & CAFE INC. d/b/a UNCLE PAUL'S PIZZA is a domestic business corporation organized under the laws of the State of New York, with a principle place of business and an address for service of process located at 70 Vanderbilt Avenue, New York, NY 10017. Defendants operate "Uncle Paul's Pizza" restaurant through UNCLE PAUL'S PIZZA & CAFE INC.

(b) Corporate Defendant DNP RESTAURANT PARTNERS INC. d/b/a PAUL'S ON TIMES SQUARE is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 136 W 42nd Street, New York, NY 10036 and an address for service of process located at 1410 Waters Edge Drive, Bayside, NY 11360. Defendants operate "Paul's on Times Square" restaurant through DNP RESTAURANT PARTNERS INC.

8. Individual Defendants:

(c) Individual Defendant PASKO PAUL NICAJ is an owner and senior executive officer of Corporate Defendants. PASKO PAUL NICAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. PASKO PAUL NICAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times,

employees could complain to PASKO PAUL NICAJ regarding any of the terms of their employment, and PASKO PAUL NICAJ would have the authority to effect any changes to the quality and terms of employees' employment. PASKO PAUL NICAJ regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. PASKO PAUL NICAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. PASKO PAUL NICAJ exercised functional control over the business and financial operations of Corporate Defendants.

(d) Individual Defendant ABIDIN DINO REDZIC is an owner and senior executive officer of Corporate Defendants. ABIDIN DINO REDZIC exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. ABIDIN DINO REDZIC had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to ABIDIN DINO REDZIC regarding any of the terms of their employment, and ABIDIN DINO REDZIC would have the authority to effect any changes to the quality and terms of employees' employment. ABIDIN DINO REDZIC regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. ABIDIN DINO REDZIC ensured that employees effectively serve customers and that the business is operating efficiently and profitably. ABIDIN DINO REDZIC exercised functional control over the business and financial operations of Corporate Defendants.

9. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. With regard to Plaintiff and a subgroup of FLSA Collective Plaintiffs who were tipped employees (i.e. bartenders, barbacks, servers, bussers, runners and delivery persons), Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

5

action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

14.   Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.   All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.   The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York Labor Law requires that all non-exempt employees be paid on an hourly basis;

(f) Whether Defendants paid Plaintiff and Class members the proper minimum wage under the New York Labor Law;

(g) Whether Defendants provided proper notice to Plaintiff and Tipped Subclass members that Defendants were taking a tip credit;

(h) Whether Defendants provided proper wage statements informing Plaintiff and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(i) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Tipped Subclass members under the New York Labor Law;

(j) Whether Defendants required Plaintiff and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(k) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(l) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

(m) Whether Defendants paid Plaintiff and Class members the spread of hours premium as required by the New York Labor Law;

(n) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(o) Whether Defendants provided proper wage and hour notices to Plaintiff and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

22. From in or about March 2015 until on or about July 3, 2016, Plaintiff JAVIER ESCAMILLA was employed by Defendants to work as a food preparer, dishwasher and delivery person for Defendants' "Uncle Paul's Pizza" restaurant located at 70 Vanderbilt Avenue, New York, NY 10017.

23. During his employment with Defendants, Plaintiff JAVIER ESCAMILLA was regularly required to work at Defendants' "Paul's on Times Square" restaurant located at 136 W 42nd Street, New York, NY 10036.

24. From the beginning of his employment with Defendants until in or about September 2015, Plaintiff JAVIER ESCAMILLA regularly worked twelve (12) hours per day, from 8:00 a.m. to 8:00 p.m., for six (6) days per week. From in or about October 2015 until the end of his employment with Defendants, Plaintiff JAVIER ESCAMILLA regularly worked twelve (12) hours per day for two (2) days per week, eleven (11) hours per day for two (2) days

per week, ten (10) hours per day for one (1) day per week, and eight (8) hours per week for one (1) day for week. Plaintiff JAVIER ESCAMILLA was required to work without any lunch break on a daily basis.

25. From the beginning of his employment with Defendants until in or about September 2015, Plaintiff JAVIER ESCAMILLA was paid at a straight-time hourly rate of $8.00 for all hours worked, including hours worked in excess of forty (40) per week. Prior to September 2015, FLSA Collective Plaintiffs and Class members were similarly compensated at straight-time rates for all overtime hours worked.

26. From in or about October 2015 until the end of his employment with Defendants, Plaintiff JAVIER ESCAMILLA was paid a fixed salary of $450 per workweek regardless of actual hours worked. However, there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff JAVIER ESCAMILLA. Since October 2015, FLSA Collective Plaintiffs and Class members were paid illegally on a fixed salary basis as there was no agreement that such fixed salary covered their overtime hours worked.

27. Based on Plaintiff JAVIER ESCAMILLA's direct observations and conversations with other employees at Paul's Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours and were paid similarly.

28. At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class members at hourly rates below the prevailing minimum wage in violation of the FLSA and NYLL.

29. Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that

the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

30.     During his employment with Defendants, Plaintiff was required to engaged in various non-tipped activities, such as delivering ingredients and supplies between Paul's Restaurants, preparing food in the kitchen and washing dishes, for twenty (20) percent or more of their workday. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

31.     At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

32.     At all times relevant, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

33.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members either the FLSA minimum wage or the New York State minimum wage. With regard to Tipped Subclass members, Defendants

were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

35.  Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

36.  Defendants knowingly and willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

37.  Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

38.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

39.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, in violation of the NYLL.

40.  Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

45. At all relevent times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

46. At all relevent times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the the statutory minimum wage and overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime compensation, plus an equal amount as liquidated damages.

51. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiff realleges and reavers Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

55. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the minimum wage required by the New York Labor Law.

56. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

57. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

58. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class members, as required by New York Labor Law § 195(1).

59. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

60. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid spread of hours premium, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

      law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wage due under the FLSA and NYLL;

d. An award of unpaid overtime compensation due under the FLSA and NYLL;

e. An award of unpaid spread of hours due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium, pursuant to the NYLL;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 9, 2016                    Respectfully submitted,

                                   By:   */s/ C.K. Lee*
                                         C.K. Lee, Esq.

                                         LEE LITIGATION GROUP, PLLC
                                         C.K. Lee (CL 4086)
                                         Anne Seelig (AS 3976)
                                         30 East 39th Street, Second Floor
                                         New York, NY 10016
                                         Tel.: (212) 465-1188
                                         Fax: (212) 465-1181

                                         *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*