```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER ESCAMILLA, on behalf of himself and others similarly situated,

                    Plaintiff,

-against-

UNCLE PAUL'S PIZZA & CAFE INC., DOING BUSINESS AS UNCLE PAUL'S PIZZA, DNP RESTAURANT PARTNERS INC., DOING BUSINESS AS PAUL'S ON TIMES SQUARE, PASKO PAUL NICAJ, and ABIDIN DINO REDZIC,

                    Defendants.

**Report and Recommendation**

**1:16-cv-06305-ALC-KHP**

**To: The Honorable Andrew L. Carter, Jr, United States District Judge**
**From: Katharine H. Parker, United States Magistrate Judge**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court for report and recommendation, Plaintiff and the defendants, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Plaintiff has submitted a letter detailing why it believes the proposed settlement agreement is fair, reasonable, and adequate. (Doc. No. 84.) This Court has reviewed Plaintiff's submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims he asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during several conferences), this Court recommends that:

1. The Court find that the terms of the proposed settlement agreement fair, reasonable, and adequate, both to redress Named Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement therefore be approved.

2. That the collective action, to the extent it was conditionally certified on May 18, 2017 (Docket No. 58), be deemed moot as a result of the settlement and insofar as no members of the conditionally certified collective have opted into this action since that decision. *See Genesis Healthcare Corp. v. Symcyzk*, 133 S.Ct. 1523 (2013); *Fox v. Bd. Of Trs. Of State Univ. of N.Y*, 42 F.3d 135, 140 (2d Cir. 1994) (court lacks subject matter over moot action and when plaintiff has no personal stake in litigation).

3. That this action be dismissed with prejudice and without costs as to the Named Plaintiff's claims.

4. That the Court direct the Clerk of Court to close this case on the Docket of the Court, subject to reopening upon request of Plaintiff for purposes of enforcement of the settlement.

Dated: New York, New York
January 23, 2018

_____
KATHARINE H. PARKER
United States Magistrate Judge